UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:24-cr-2-CEA-MJD |
| v. | ) | |
| | ) | |
| DEWAYNE LAWERY | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, and the defendant's attorney, have agreed upon the following:

1. The defendant will plead guilty to the following count in the Indictment:

**Count One:** Armed Career Criminal in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

2. Penalties: Imprisonment for not less than 15 years up to Life; fine of up to $250,000; supervised release for up to 5 years; any lawful restitution; and a $100 special assessment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty.

In order to be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (1) The defendant was convicted of a crime punishable by imprisonment for more than one year; (2) the defendant, following his conviction, knowingly possessed a firearm; (3) at the time the defendant possessed the firearm he knew he had been convicted of a crime punishable by imprisonment for more than one year; (4) the firearm traveled in or affected interstate commerce; and (5) before committing this offense, the defendant had sustained

Page **1** of **8**

at least three prior convictions for offenses specified in 18 U.S.C. § 924(e)(2), which were committed on occasions different from one another.

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which the defendant admits satisfy the offense elements.   These are the facts submitted for purposes of the defendant's guilty plea.   They do not necessarily constitute all of the facts in the case.   Other facts may be relevant to sentencing.   Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a.     On January 19, 2024, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent (SA) Adam Baldwin, along with other members of the United States Marshals Service (USMS) Smoky Mountain Fugitive Task Force responded to an apartment complex in Cleveland, Tennessee, in order to arrest the defendant, who had felony warrants for his arrest from Hamilton County, Tennessee.   There the defendant was observed in an automobile.   When officers approached the vehicle, the defendant exited and fled on foot.   As he fled, officers observed him in possession of a firearm in his waistband.   The firearm fell to the ground as the defendant climbed a fence and dropped to the other side.   The defendant was arrested, and the firearm was secured by officers.

b.     The firearm was a UTAS-USA UT9-M Mini 9mm pistol loaded with a magazine containing 30 rounds of ammunition.   The defendant knowingly possessed the firearm.   The firearm had previously traveled in interstate or foreign commerce.   The defendant, as he knew at the time, had previously sustained felony convictions.   Three prior convictions were for offenses specified in 18 U.S.C. § 924(e)(2), which were committed on occasions different from one another, as detailed in Count One of the Indictment.

c.     This occurred in the Eastern District of Tennessee.

Page **2** of **8**

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) the right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant and the United States agree that a sentence of 180 months' imprisonment, followed by a lawful term of supervised release, is the appropriate disposition of this case. The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move,

Page **3** of **8**

at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the

Page **4** of **8**

following specific terms and conditions:

(a)     If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.   The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c)     If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.     Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were involved in the commission of an offense in violation of 18 U.S.C. § 922(g)(1) including, but not limited to, a UTAS-USA UT9-M Mini 9mm pistol and ammunition.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture.   The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee.   The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States.   These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to

Page **5** of **8**

effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any

Page **6** of **8**

local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

14. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and

Case 1:24-cr-00002-CEA-MJD    Document 45    Filed 03/07/25    Page 7 of 8    PageID #: 122

the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

_3/7/25_
Date

By: _____
Scott A. Winne
Assistant United States Attorney

_3/7/2025_
Date

_Dewayne Lawery_
Dewayne Lawery
Defendant

_3/7/2025_
Date

_____
Damon Burk
Attorney for the Defendant

Page **8** of **8**